IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARONDA BANKS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24-cv-00201<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, the United States' Motion to Dismiss [9] is denied without prejudice, and Plaintiff Maronda Banks' Motion to Remand [11] is denied.

**I.  Background**

**A.  Factual Allegations**

The following factual allegations taken from the operative complaint, [2] at Ex. A, are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff Maronda Banks ("Banks") is a resident of Cook County, Illinois, and was employed by the United States Postal Service as a lead window clerk at the U.S. Post Office located at 2441 Vermont Street, Blue Island, Illinois. [2] at Ex. A, ¶¶ 1-2. Leroy L. Mosby III ("Mosby") was postmaster at the same Post Office location and was Banks' supervisor. *Id.* On July 10, 2023, Banks was instructed to come into Mosby's office for computer training. *Id.* at ¶ 3. Inside Mosby's office, Mosby put his

1

knee between Banks' legs, pinning her and preventing her from moving. *Id.* at ¶ 4. Mosby kissed Banks, and Banks told him to stop. *Id.* Mosby grabbed and fondled Banks' vagina and breasts and attempted to remove Banks' pants. *Id.* Banks resisted Mosby and was able to leave his office. *Id.* Banks immediately filed a complaint with the postal inspectors. *Id.* On September 27, 2023, Banks filed suit against Mosby in Illinois state court alleging that Mosby's actions constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions. *Id.* at ¶ 11. Banks seeks damages pursuant to the Illinois Gender Violence Act. *Id.* at ¶ 12.

### B. Procedural Posture

On January 8, 2024, the United States ("Government") removed the case to the Northern District of Illinois pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679 ("FTCA"). *See e.g.*, [2]. Pursuant to 28 U.S.C. § 2679(d)(2), the designee of the Attorney General of the United States certified that, based on available information, Mosby was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents on which Banks' claim is based. [2] at ¶ 2; *id.* at Ex. B. The United States was substituted as the sole federal party defendant in place of Mosby, pursuant to the certification by the Attorney General's designee and the filing of the notice of removal. *Id.* at ¶ 4.

On January 16, 2024, the Government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Banks failed to exhaust administrative remedies. [9] at ¶ 3. The Government asserts that the Attorney General's certification was based on a factual determination, by the Attorney

2

General's designee, that the alleged assault did not occur. [9] at ¶ 2; [13] at 2. The Government acknowledges that this Court may determine that the Attorney General's scope-of-employment certification was incorrect and resubstitute Mosby as the proper defendant in the case. [9] at ¶ 2. If the Court does not overturn certification and substitution, the Government argues that the case must be dismissed for failure to exhaust administrative remedies, as required by the FTCA. *Id.* at ¶ 3.

On January 18, 2024, Banks moved the Court to resubstitute Mosby as defendant and to remand the case to Illinois state court. [11] at ¶ 14. Banks challenges the Attorney General's certification that Mosby was acting within the scope of his employment at the time of the alleged incident. [11] at ¶¶ 5-12; [14] at ¶ 6. Specifically, Banks argues that she has alleged sufficient facts which, if true, would establish that Mosby's actions were not within the scope of his employment. [11] at ¶¶ 7-9; [14] at ¶ 9. Banks argues that a party challenging an Attorney General certification is entitled to limited discovery on the scope-of-employment issue. [14] at ¶ 7. Banks further argues that the government's motion to dismiss is premature until this Court has ruled on the scope-of-employment issue. *Id.* at ¶ 10.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2)

3

(requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.   Analysis

#### A. Banks' Motion to Remand

Banks argues that Mosby should be resubstituted in place of the United States as the proper defendant in this case, and that the case should be remanded back to the Circuit Court of Cook County. [11] at ¶ 14. Banks' motion to remand must be

4

denied. The Attorney General's certification is conclusive for the purposes of removal. 28 U.S.C. § 2679(d)(2); *Osborn v. Haley*, 549 U.S. 225, 242 (2007) ("For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive."). Even if a district court determines that the Attorney General's scope-of-employment certification was incorrect, the federal district court retains jurisdiction over the case. *Id.* at 243 ("Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination."). Therefore, remand is improper and this Court will retain jurisdiction regardless of the outcome of the scope-of-employment issue.

### B. Government's Motion to Dismiss

The Government moves to dismiss on the basis that Banks has failed to exhaust administrative remedies, as required under the FTCA. [9] at ¶ 3. However, as the Government acknowledges, the Attorney General's scope-of-employment certification is reviewable by this Court. *See Osborn*, 549 U.S. at 242 ("Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect.") (emphasis in original); *De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) ("[T]he Attorney General's certification that a federal employee was acting within the scope of his employment … does not conclusively establish as correct the substitution of the United States as defendant in place of the employee.").

5

The Government argues that the Attorney General's certification is based on a determination that the alleged sexual assault did not occur. [9] at ¶ 2; [13] at 1-2 ("The Attorney General's designee made a determination that the alleged sexual assault did not occur."). In challenging the Attorney General's scope-of-employment certification, Banks bears the burden of demonstrating the certification was erroneous. *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) ("[T]he plaintiff bears the burden of demonstrating that the Attorney General's scope certification was erroneous."); *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991) ([T]he plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment."). To obtain limited discovery, Banks must allege sufficient facts which, if taken as true, would establish that Mosby's actions exceeded the scope of his employment. *Williams v. St. Anthony Hosp.*, No. 23 C 4733, 2023 WL 7130653, at *3 (N.D. Ill. Oct. 30, 2023) (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)).

Whether an employee's actions fell within the scope of their employment is decided under state law. *Taboas*, 149 F.3d at 582. Under Illinois law, the criteria to consider whether an employee's actions fall within the scope of employment are whether: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; or (c) it is actuated, at least in part, by a purpose to serve the master. *Id.* (quoting *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989)). Banks alleges that Mosby, her supervisor at the Post Office, sexually assaulted her by pinning her, kissing her while she told him to stop, grabbing and

6

fondling her breasts and vagina, and attempting to remove her pants. [2] at Ex. A, ¶ 4. Taken as true, Banks' allegations establish that Mosby's actions were not the kind he was employed to perform and did not serve any purpose to serve his employer, and therefore exceeded the scope of his employment.

Given the lack of a developed record before this Court, Banks' allegations warrant limited discovery into the scope-of-employment issue and, potentially, an evidentiary hearing before this Court. *See Osborn*, 549 U.S. at 252 ("[A]t the time the district court reviews the Attorney General's certification, the plaintiff has no right to a jury trial."); *id.* at 253 n.18 ("[J]udges have a greater factfinding role in Westfall Act cases than they traditionally have in other immunity contexts … When Westfall Act immunity is in dispute, a district court is called upon to decide who the proper defendant is: the named federal employee, or the United States."); *see also Taboas*, 149 F.3d at 581 ("[T]he district court may hold an evidentiary hearing to resolve material factual disputes related to the scope of employment.").

The Government's argument that Banks failed to exhaust administrative remedies is therefore premature until the scope-of-employment issue is settled and the proper defendant in the case is established. *See Williams*, 2023 WL 7130653 at *4; *Houston v. U.S.*, 638 Fed. Appx. 508, 512 (7th Cir. 2016) (unpublished).

IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [9] is denied without prejudice and Plaintiff's Motion to Remand [11] is denied.

7

E N T E R:

Dated: September 27, 2024

*Mary M Rowland*
_____
MARY M. ROWLAND
United States District Judge

8