**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARONDA BANKS,<br><br>Plaintiff,<br><br>v.<br><br>LEROY L. MOSBY,<br>UNITED STATES OF AMERICA<br><br>Defendants. | Case No. 24-cv-00201<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, Defendants' request to convert its motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) to a motion for judgment on partial findings under Fed. R. Civ. P. 52(c) is granted. Defendants' Motion for Judgment on the Pleadings [38] is denied as moot. Defendant's Rule 52(c) Motion for Judgment on Partial Findings [54] is taken under advisement.

## I. Background

Plaintiff Maronda Banks ("Banks") was employed by the United States Postal Service as a lead window clerk on July 10, 2023, when she was instructed to go into the office of Defendant Leroy L. Mosby III ("Mosby") for computer training. [2] at Ex. A, ¶1-3. Once Banks was inside Mosby's office, Banks alleges that Mosby groped and sexually assaulted her. *Id.* at 4. After the incident, Banks filed a complaint with the postal inspectors. *Id.* On September 27, 2023, Banks filed the present case against Mosby in Illinois state court, alleging that Mosby's actions were in violation of the Illinois Gender Violence Act. *Id.* at 12.

On January 8, 2024, the United States ("the Government") removed this case to the Northern District of Illinois pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679 ("FTCA"). [2]. The designee of the Attorney General of the United States certified that, pursuant to 28 U.S.C. § 2679(d)(2), Mosby was acting within the scope of his employment as an employee of the United States at the time of the alleged incident, and therefore the United States should be substituted as the sole federal party defendant. [2] at ¶ 2, 4; *id.* at Ex. B.

On September 24, 2024, Banks, represented by counsel, filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. [39], *Re: Maronda Banks*, No. 24-14096. Schedule A/B of Banks' bankruptcy petition required a list of all assets and potential assets, as well as claims against third parties regardless of whether a lawsuit had been filed. [39-1] at 17. Banks stated that she had no such claims. At that time, Banks was pursuing this lawsuit, as well as a Title VII lawsuit. [39] (*Maronda Banks v. David Steiner, Postmaster General*, Case No. 24C 6952 (N.D. Ill.) (filed on August 7, 2024). When required to list all lawsuits to which Banks was a party in the year prior to filing, Banks listed a product liability suit against Mead Johnson & Company. She also identified a case against Mosby, the original defendant in this case, but indicated it was a wrongful death action, and identified it as having been "concluded". This case and Banks' Title VII action were not indicated on the bankruptcy court forms. [39] at 4; [39-1] at 46. On September 29, 2024, Banks filed a chapter 13 plan and proposed

payments to be made to the bankruptcy trustee for an automobile debt and stated that she planned to pay $0 to other creditors. [39] at 4, *Id*; [39-2] at 3.

On October 21, 2024, the Bankruptcy trustee requested that Banks "amend schedule A/B to list all claims against third parties." [39-3] at 1. Banks amended the schedule to include the claim against Mead Johnson & Co. for approximately $15,000 but again neglected to disclose this case or her Title VII case. [39] at 5, [39-4]. On December 5, 2024, the bankruptcy court entered an order confirming Banks' proposed plan. [39-5]. Banks failed to make payments as required by the plan, and the bankruptcy judge dismissed the case on September 18, 2025 for failure to make plan payments. [39-6].

On September 30, 2025, the Government moved for judgment on the pleadings and to amend its answer to assert the defense of judicial estoppel pursuant to Fed. R. Civ. P. 12(c). [38]. In its reply, the Government indicated the Supreme Court had granted certiorari in *Keathley v. Buddy Ayers Constr., Inc.,* 608 U.S. 647, 146 S. Ct. 1532 (2026), and argued, in the alternative, the Court should stay the matter until the Supreme Court issued a decision. [48] at 5.

## II. Analysis

### A. There is no procedural bar to proceeding under Rule 52(c)

The Government and Banks both agree that considering *Keathley,* judgment on the pleadings under Rule 12(c) "would be inappropriate." [54] at 3; [59] at 2. The Government requests that the Court convert its 12(c) motion for judgment on the pleadings to a Rule 52(c) motion on partial findings, and that the Court conduct an

evidentiary hearing to determine whether Banks' error in her bankruptcy filings occurred due to mistake or with intent to conceal.[1] [54] at 3. Banks opposes that request.

Banks argues that the Federal Rules of Civil Procedure do not authorize the Court to convert the 12(c) motion for judgment on the pleadings to Rule 52(c) motion. [59] at 2. Essentially Banks argues that (1) the Government has not provided authority to convert a Rule 12(c) motion into a Rule 52(c) motion; and (2) Rule 52 applies to bench trials and Banks has not yet waived her right to a jury trial. [59] at 3. Plaintiff's arguments are not persuasive. It is true that the Government has not cited authority for converting a Rule 12 motion into a Rule 52 motion, unlike the specific language that permits the conversion of a Rule 12(c) motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d) (stating that if the court considers matters outside the pleadings, the Rule 12 motion "must be treated as one for summary judgment under Rule 56.") And while that omission gives the Court pause, there is no language forbidding a conversion. Moreover, the Government could have simply withdrawn its Rule 12(c) motion and raised judicial estoppel on summary judgment. *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010) (affirming summary judgment based on judicial estoppel arising out of failure to disclose pending case in a bankruptcy filing). Banks' argument raises form over substance.

---

[1] It is well settled that "[u]nder Rule 52(c) the court can weigh evidence, determine witness credibility, and make factual findings on the way to its legal conclusions. The court's findings of fact and conclusions of law must comply with Rule 52(a)'s requirement that the court find the facts specially and state its conclusions of law separately." *Stop Illinois Health Care Fraud, LLC v. Sayeed,* 957 F.3d 743, 748 (7th Cir. 2020).

Moreover, Banks' objection that she has not waived her right to a jury trial is not well taken. This case was removed from state court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(2). The United States has been substituted as the defendant. It is well-settled that plaintiffs in FTCA cases are not entitled to a jury trial. 28 U.S.C. § 2402; *Manning v. United States*, 546 F.3d 430 (7th Cir. 2008) ("claims under the FTCA may not be tried to a jury.") This case will necessarily be conducted as a bench trial. What the government is requesting is a hearing prior to trial to determine whether judicial estoppel is viable in light of *Keathley*.

**B. Judicial estoppel**

Judicial estoppel is an equitable doctrine that "prevents a party from prevailing on an argument in an earlier matter and then relying on a contradictory argument to prevail in a subsequent matter." *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013).

Banks asserts that the Government's request for a hearing is futile because judicial estoppel "applies only where the party prevailed on the prior position," and Banks did not prevail, since the bankruptcy case was dismissed for failure to make payments. [46] at 3, 4. Her debts were never discharged. [46] at 5. As Banks is still responsible for the debts, dismissing this case on grounds of judicial estoppel would potentially "harm Plaintiff's creditors," and "provide the Defendant with an unjust windfall." [46] at 6.

Defendant replies that regardless of whether Banks received a discharge, permitting this matter to proceed would undermine the primary aim of judicial

estoppel: protecting the integrity of the judicial process, and unearthing assets for creditors. [48] at 2,3 (citing *Williams v. Hainje*, 375 F. App'x 625, 627-28 (7th Cir. 2010) (allowing debtors to pursue claims undisclosed to the bankruptcy court would "undermine both the primary aim of judicial estoppel, which is to protect the integrity of the judicial process, and the bankruptcy law's goal of unearthing all assets for the benefit of creditors.") (internal citation omitted)).

In the bankruptcy context, the Seventh Circuit recognizes that judicial estoppel "induces debtors to be truthful in their bankruptcy filings," and, even if misrepresented by a lawyer, that the debtor remains "bound by her own representations." *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006). In *Williams v. Hainje*, the Seventh Circuit specifically rejected Banks' argument that because debts were not discharged, judicial estoppel should not apply. The *Williams* court affirmed summary judgment in Williams' civil rights case based on judicial estoppel where Williams had failed to disclose it in his bankruptcy—even though the bankruptcy was later dismissed without the discharge of debt—because the bankruptcy benefitted Williams by triggering the automatic stay and "holding creditors at bay". *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010).

In *Keathley*, the Supreme Court instructs lower courts to be less rigid in their use of judicial estoppel. *See generally Keathley,* 146 S. Ct. 1532, 1539 (2026). In vacating the Fifth Circuit's judgment, the Supreme Court stated that courts should "look to the totality of the circumstances" to determine if the omission of a case in a bankruptcy filing was inadvertent or intentional. *Keathley,* 146 S. Ct. 1532, 1536

(2026).

In fact, the arguments raised by Banks, that estoppel would potentially "harm Plaintiff's creditors," and "provide the Defendant with an unjust windfall" [46] at 6, are precisely those observed by Justice Sotomayor in her concurrence. After expressing doubt in the logic that judicial estoppel protects the integrity of the bankruptcy system and protects the rights of creditors, *Keathley,* 146 S. Ct. at 1543, Justice Sotomayor observed that dismissing the underlying tort action, as required by judicial estoppel, "only harms the creditors" by preventing the debtor from pursuing her tort action. *Id.* at 1544 (Sotomayor, J)(concurring). She also noted that "[a]pplying judicial estoppel to a case (and thereby dismissing it) . . . . might prevent inconsistent judgments in some circumstances, [but] it likely undermines the integrity of both court systems when it becomes a tool in the arsenal of [tortfeasors] to reap a windfall and secure that advantage at creditors' detriment." *Id.* at 1545 (Sotomayor, J)(concurring)(quotations omitted).

While judicial estoppel remains viable after *Keathley*, the Court is required to examine the totality of the circumstances surrounding the misrepresentation on Banks' bankruptcy filings. The Court will hold an in-person hearing to be set at the convenience of the parties. If the omission was due to "inadvertence or mistake," judicial estoppel will not apply. *Id.* at 655.

## III. Conclusion

For the stated reasons, Defendants' Motion for Judgment on the Pleadings [38] is denied as moot. Defendant's Rule 52(c) Motion for Judgment on Partial Findings [54]

is taken under advisement. The Court will rule on the merits of the issue after an evidentiary hearing. Status hearing set for October 8, 2026, at 9:30 AM to determine next steps.

E N T E R:

Dated: September 28, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge